**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. M. H-B., a minor, | No. 09-55688 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01764-PLA |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Paul L. Abrams, Magistrate Judge, Presiding

Submitted October 5, 2010[**]
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and STROM, District Judge.[***]

Plaintiff-Appellant J.M. H-B. appeals the district court's decision affirming

the Social Security Commissioner's ("the Commissioner") denial of her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lyle E. Strom, Senior U.S. District Judge for the District of Nebraska, sitting by designation.

applications for surviving child's insurance benefits and a lump-sum death payment. Appellant argues that the district court erred in deferring to the Administrative Law Judge's ("ALJ") interpretation of the relevant statutes and regulations in denying her claim, and that her equal protection rights were violated. Because we find that the Social Security Administration ("SSA") has not addressed the regulatory language at issue, we vacate and remand to the Social Security Administration for a more adequate explanation.

Under the Social Security Act, a child may qualify for surviving child's insurance benefits by establishing the insured parent's paternity through one of several methods. Appellant argues she qualifies if either of the following two methods is employed: (1) applying the state law on devolution of intestate property of the insured's domicile state at the time of death, 42 U.S.C. § 416(h)(2)(A), or (2) establishing paternity "before the death of such insured individual" through a written acknowledgment of paternity by the insured, a court decree, or a court order to pay support, 42 U.S.C. § 416(h)(3)(C)(i).

The plain text of § 416(h)(3)(C)(i) forecloses Appellant's claims on the latter ground because it explicitly requires that paternity be established "before the death" of the insured parent. This means Appellant's only route to benefits is through § 416(h)(2)(A), which requires her to show a parental relationship existed

under the relevant state laws, in this case, California Probate Code § 6453(b)(1). This provision acknowledges paternity if a court order of paternity was entered "during the father's lifetime." Appellant argues that a separate SSA regulation added in 1998, 20 C.F.R. § 404.355(b)(2), eliminates the state law requirement that the court order of paternity must be entered during the father's lifetime. This regulation provides that SSA "will not apply any State inheritance law requirement that an action to establish paternity . . . be taken within a specified period of time measured from the worker's death or the child's birth, or . . . have been started or completed before the worker's death." 20 C.F.R. § 404.355(b)(2).

We will defer to an agency's interpretation of its own regulation if it is not "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). Here, the Commissioner argues that section 6453(b)(1)'s requirement that the father still be alive when paternity is declared is unaffected by section 404.355(b)(2) because the latter only affects the statute of limitations. This is a reasonable interpretation of the first clause of the first sentence of section 404.355(b)(2). That portion of the regulation reads:

> We will not apply any State inheritance law requirement that an action to establish paternity must be taken *within a specified period of time* measured from the worker's death or the child's birth . . . .

3

20 C.F.R. § 404.355(b)(2) (emphasis added). The language—"within a specified period of time"— directly addresses the statute of limitations issue.

The Commissioner's argument, however, fails to address the second half of the first sentence of section 404.355(b)(2). That portion of the regulation reads:

> We will not apply any State inheritance law requirement . . . that an action to establish paternity must have been started or completed *before the worker's death*.

20 C.F.R. § 404.355(b)(2) (emphasis added). On its face, this language addresses an issue separate from the statute of limitations issue. First, this second portion of the sentence, unlike the first part of the sentence, does not contain language that clearly refers to statutes of limitations, such as "within a specified period of time." Second, reading this portion of the sentence as referring to statutes of limitations would render it superfluous because the first portion of the sentence already addresses the statute of limitations issue directly. Reading this language as addressing only state statutes of limitations is therefore inconsistent with the language of the regulation.

Although the agency has not addressed the precise language identified above, we hesitate to impose a construction without giving the agency an opportunity to clarify its interpretation. We therefore remand this case back to the

4

Commissioner to give the agency an opportunity to clarify its interpretation of 20 C.F.R. § 404.355(b)(2) in light of the regulatory language identified above.

Because we remand to the Social Security Administration for clarification of its interpretation of 20 C.F.R. § 404.355(b)(2), we do not reach Appellant's equal protection claims.

Accordingly, we VACATE the Order of the district court and REMAND to the district court with instructions to remand to the Commissioner for further proceedings consistent with this disposition.